PROB 12C
(7/93)

Report Date: October 19, 2010

# United States District Court

## for the

## Eastern District of Washington

### Petition for Warrant or Summons for Offender Under Supervision

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 19 2010

JAMES R. LARSEN, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

Name of Offender: Tiffany E. Larson        Case Number: 2:09CR02094-001

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Edward F. Shea, U.S. District Judge

Date of Original Sentence: 5/12/2010

Original Offense:    Unauthorized Excavation, Removal, Damage, Alteration or Defacement of Archeological Resources, 16 U.S.C. § 470ee

Original Sentence:   Probation - 24 Months          Type of Supervision: Probation

Asst. U.S. Attorney: Jane Kirk                      Date Supervision Commenced: 5/12/2010

Defense Attorney:    Kraig Gardner                  Date Supervision Expires: 5/11/2012

## PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition # 6**: The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment. |
| | **Supporting Evidence**: Ms. Larson failed to notify her probation officer 10 days prior to any change of residence. |
| | On September 21, 2010, Ms. Larson agreed to move into Lake Place, a clean and sober house program for women on September 22, 2010. On September 29, 2010, a home visit at Lake Place was conducted and it was discovered Ms. Larson had never moved into this program. Contact was made with Ms. Larson's previous roommates, who advised Ms. Larson moved to a friend's house on September 26, 2010, but they did not have the address. Ms. Larson called on September 30, 2010, and notified her probation officer she had moved to a residence which was not approve. |

Prob12C
Re: Larson, Tiffany E.
October 19, 2010
Page 2

| | |
|---|---|
| 2 | **Special Condition # 19**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Ms. Larson tested positive for marijuana on July 18, 2010, and for methamphetamine on September 16, 2010. Additionally, Ms. Larson admitted she relapsed with methamphetamine, alcohol, and marijuana on September 11, 2010, and with methamphetamine on September 30, 2010. |
| 3 | **Special Condition # 14**: You shall complete 150 hours of community service work, at the rate of not less than 20 hours per month at a not-for-profit site approved in advance by the supervising probation officer. The hours are to be completed in full no later than May 1, 2011.

**Supporting Evidence**: Mr. Larson failed to complete 24 hours per month of community services as directed.

On July 13, 2010, Ms. Larson was referred to the Equine Outreach program to begin her community service hours. The defendant failed to contact this program to begin her community service work. |
| 4 | **Special Condition # 18**: You shall undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare. You shall contribute to the cost of treatment according to your ability to pay. You shall allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: Ms. Larson failed to comply with substance abuse treatment as directed.

On May 17, 2010, Ms. Larson was referred to an outpatient substance abuse treatment program and placed on random urinalysis testing. The defendant complied until September when her attendance began to suffer. Ms. Larson admitted she relapsed on September 11, 2010, so she was referred to individual treatment sessions, and her schedule was adjusted to better meet her schedule. Ms. Larson was directed to participate in regular treatment immediately or the Court would be notified. Ms. Larson failed to keep any appointments after September 8, 2010, and was subsequently terminated from treatment as noncompliant on October 14, 2010. |
| 5 | **Special Condition # 19**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Ms. Larson failed to provide urine samples as directed by the testing program on September 29, and October 4, 2010. |
| 6 | **Mandatory Condition # 6**: If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the schedule of payments set forth in the criminal monetary penalties sheet of this judgment. |

**Supporting Evidence**: Ms. Larson failed to make any payments towards her financial obligation as of October 14, 2010.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the defendant to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 10/19/2010

s/Jose Zepeda

Jose Zepeda
U.S. Probation Officer

## THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

*Edward F. Shea*
Signature of Judicial Officer

October 19, 2010
Date